IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: |
|
PAMELA A. BURFORD, | Case: 09-34274-KRH
|
Debtor. | Chapter 13
|

# OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

## NOTICE

Wachovia/Wells Fargo, assignee to Aegis Funding Corporation ("Wells Fargo"), by counsel, has filed papers with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, objecting to confirmation of the *Fourth (4th) Corrected Amended/Modified Chapter 13 Plan* ("Amended Plan") and related motions filed by the Debtor, Pamela A. Burford ("Debtor").  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Bankruptcy Court to grant the relief sought in the objection, or if you want the Bankruptcy Court to consider your views on the objection, then you or your attorney must:

⊠ Attend a hearing scheduled in the United States Courthouse, United States Bankruptcy Court, Eastern District of Virginia (Richmond), Judge Huennekens' Courtroom, 701 East Broad Street, Courtroom 5000, Richmond, Virginia, 23219, on **August 25, 2010 at 9:00 a.m.**

**If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the relief sought in the objection, and may enter an order granting that relief.**

Jeffrey L. Marks, Esq.  (VSB No. 40202)
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
(757) 491-4045 – Telephone
(757) 491-4020 – Facsimile
*Counsel for Wachovia/Wells Fargo, assignee to Aegis Funding Corporation*

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Wells Fargo, by counsel, the holder of a secured claim against property in which the Debtor has an interest, and pursuant to 11 U.S.C. § 1324, Rule 3015 and 9014 of the Federal Rules of Bankruptcy Procedure and LBR 3015-2(A)(5) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, hereby files this Objection to the Confirmation of the Debtor's Amended Plan, and in support thereof, respectfully states as follows:

## The Property

1. As discussed below, throughout this bankruptcy case, the Debtor has identified as her primary residence the real property and improvements with an address of 5201 S. Jessup Road, Chesterfield County, Virginia 23832 ("Property").

2. The Property had been acquired by the Debtor's brother, Charles Burford, on or about November 22, 2005 after the Debtor and James Burford had assigned to Charles Burford their interest in an agreement ("Purchase Agreement") to purchase the Property.

3. Wells Fargo, as successor to Aegis Funding Corporation, had provided the financing necessary to enable Charles Burford and the Debtor to acquire the Property through a purchase money loan ("Loan") secured by a deed of trust ("Deed of Trust") on the Property.

4. Specifically, in order for the purchase of the Property to occur, Charles Burford entered into a loan ("Loan") evidenced by a purchase money note ("Note") and purchase money deed of trust ("Deed of Trust") to secure the repayment of the purchase of the Property by Charles Burford (and the Debtor). The Deed of Trust, recorded in the Clerk's Office of Chesterfield County ("Clerk's Office") on November 23, 2005 at Deed Book 6796, Page 63, provides that Charles Burford granted a security interest in the Property to Stacy S. Temple, Trustee ("Deed of

Trust Trustee") to secure the repayment of the Loan from Aegis Funding Corporation ("Aegis") in the amount of $127,000.00, thus creating a lien ("Deed of Trust Lien").

5. A deed of bargain and sale ("Deed"), dated November 21, 2005, was recorded at Deed Book 6796, Page 59 in the Clerk's Office on November 23, 2005. However, although Charles Burford was identified on the HUD-1 and the obligor under the Deed of Trust, the Deed reflects the conveyance of the Property from the seller to the Debtor and James Burford, not to Charles Burford.

6. The Loan and related documentation were assigned from Aegis to Wells Fargo. The endorsement by the lender on the Note is blank, thus creating an obligation payable to the bearer, which is Wells Fargo as the current holder and possessor of the Note.

7. A Corrected Deed of Bargain and Sale ("Corrected Deed") was completed reflecting the fact that the purchaser of the Property was Charles Burford. However, the lender was not able to obtain the signatures and endorsement of the Debtor and Burford, as grantors, and the Corrected Deed was thus never recorded.

8. Based upon representations by the Debtor, she has been living in the Property since the November 21, 2005 closing date.

9. Indeed, since the Property was acquired, the Debtor has been the one making the monthly mortgage payments due, in part, to the fact that Charles Burford expressly wrote the lender requesting that any communications regarding the loan be directly with the Debtor and not him.

10. On February 10, 2010, Charles Burford filed for chapter 7 bankruptcy protection in this Bankruptcy Court in which he scheduled the Loan from Wells Fargo as an unsecured obligation in the amount of $134,083.00. Charles Buford's bankruptcy case, case #10-30831-KRH, is currently a no-asset chapter 7. In treating the Loan balance as an unsecured claim, Charles Buford wrote: "Mortgage/U.S. Bankruptcy Court stripped this loan from property/debtor not title holder."

3

Charles Buford scheduled the creditor for Wells Fargo obligation as being "Americas Servicing Co., Attention: Bankruptcy, 1 Home Campus, Des Moines, IA, 50328." Nowhere in his petition or schedules does he make reference to Wells Fargo or Aegis. Moreover, Charles Burford does not schedule any interest in the Property.

**The Bankruptcy Case**

11. On July 6, 2009, the Debtor filed her chapter 13 bankruptcy petition ("Petition"), thus initiating bankruptcy case # 09-34274-KRH ("Bankruptcy Case").

12. On July 21, 2009, the Debtor filed her Chapter 13 Plan ("Plan") and Summary of Schedules ("Schedules").

13. In the Schedules, the Debtor identifies the Property in Schedule A, and further stated that: "Debtor is not on mortgage. Debtor's brother is the only one on the mortgage: Charles L. Burford."

14. The Debtor did not identify a mortgage or encumbrance on the Property in Schedule D of the Schedules.

15. However, in section 5 of the Plan, the Debtor stated that she will be making her regular mortgage payment of $1,439.01 directly to "American Servicing Company", as the ostensible lender.

16. Also, in section 5 of the Plan, the Debtor stated that the "Debtor is NOT on the mortgage[.] Her brother, Charles Burford [,] is on the mortgage and he and the debtor make the payments."

17. On August 31, 2009, the Debtor initiated an Adversary Proceeding, APN #10-09-03170-KRH, by filing a Complaint seeking to avoid the Deed of Trust lien in favor of Wells Fargo. On September 7, 2009, the Debtor filed an Amended Complaint, the gravamen of which is that, as

set forth in paragraphs 6 and 7 of the Amended Complaint, because "Charles Burford was not an owner of [the Property]", then the Deed of Trust is "an invalid Deed of Trust."

18. On October 27, 2009, the Debtor filed her second Chapter 13 Plan ("Second Plan") in which the Debtor stated that she does not intend to make the $1,439.01 regular monthly mortgage payment, but instead the Debtor has reduced her monthly expenses by eliminating outright the regular mortgage payment to the lender.

19. Curiously, the Debtor stated that "America Servicing Company" is the mortgage creditor in both the Plan and the Second Plan. However, the Debtor did not name "America Servicing Company" as a defendant in the Adversary Proceeding.

20. Nevertheless, on November 17, 2009, an order ("Summary Judgment Order") was entered granting the Debtor's Motion for Summary Judgment in the Adversary Proceeding and thus avoiding the Deed of Trust Lien on the Property.

21. On December 14, 2009, the Confirmation Order was entered confirming the Second Plan. Thus, because of the Summary Judgment Order which theoretically wiped out the Deed of Trust Lien in favor of Wells Fargo, the Second Plan was able to be confirmed.

22. However, on May 4, 2010, Wells Fargo filed a *Motion to Vacate Order* and *Memorandum in Support of Motion to Vacate Order* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Wells Fargo's motion was granted at a hearing on June 16, 2010, and the Court on August 2, 2010 entered an order vacating the Summary Judgment Order. The Debtor was instructed to file an amended complaint and name additional parties as defendants, including the Deed of Trust Trustee.

23. Also on May 4, 2010, Wells Fargo filed a Motion to Vacate the Order Confirming the Second Plan; that motion has not yet been heard by the Court.

## The Amended Plan

24. On July 7, 2010, the Debtor filed her Amended Plan.

25. As with the Second Plan, the Debtor identifies in the Amended Plan the Property as her primary residence.

26. As also with section 5 of the Second Plan, the Debtor states that "American Servicing Company is the creditor as to her primary residence located at 5201 South Jessup road, chesterfield, VA and that "[f]ather and Debtor own [the Property] together. Debtor is not on the mortgage. Debtor's brother is the only one on the mortgage: Charles L. Burford." Section 5 also states that there is a pending "Complaint to Avoid Lien pending. $0 payment if lien is avoided."

27. However, the Amended Plan does not make any reference or provision for the payment of the Loan.

28. The Debtor does not attempt, in section 7(B) of the Plan, to avoid the Deed of Trust Lien on the Property pursuant to 11 U.S.C. § 522(f).

29. In section 11 of the Plan, the Debtor states that "[t]he debtor will not MOIDIFY THE DEED, SELL, REFINANCE, OR MODIFY THE MORTGAGE without an order from the court."

30. To date, the Adversary Proceeding remains open, but there is no order in either the Debtor's case or in Charles Buford's bankruptcy case avoiding the Deed of Trust Lien.

31. Wells Fargo will file the necessary reformation action either as a response to the Amended Complaint or, in the event that an Amended Complaint is not filed, as a separate Adversary Proceeding. To date, no Amended Complaint has been filed by the Debtor.

32. Accordingly, for the reasons set forth below, Wells Fargo does not accept the Amended Plan as written and moves to deny the confirmation of the same.

### Legal Basis for Objection to the Amended Plan

33. The Amended Plan does not set forth a reasonable schedule and time period for the payment of arrearages and current payments on the Loan in violation of 11 U.S.C. § 1322(b)(3).

34. The Amended Plan does not propose to pay the claim of Wells Fargo as identified in the Petition and the Debtors' schedules. Therefore, the Amended Plan does not comply with the provisions of 11 U.S.C. § 1325(a)(5) in that the Amended Plan seeks to modify the rights of Wells Fargo, the owner and holder of a claim secured by the Debtor's primary residence contrary to the express prohibition of 11 U.S.C. § 1322(b)(2) and § 1325(a)(5).

35. Pursuant to sections 5(A) and 11 of the Amended Plan, the Debtor is attempting to avoid and modify the Deed of Trust lien in favor of Wells Fargo without having obtained the necessary relief through adjudication in an adversary proceeding as required under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

36. Contrary to the provisions of 11 U.S.C. § 1325(a)(3), the Amended Plan has not been filed in good faith due, in part, to the legal conclusion that the Amended Plan is only confirmable if the Debtor is successful in avoiding the Deed of Trust Lien in favor of Wells Fargo. *See Keene v. Charles*, 222 B.R. 511, 512-13 (E.D. Va. 1998)(holding that an order must be entered in an adversary proceeding in order to avoid a lien); *In re Ewald*, 298 B.R. 76 (Bankr. E.D. Va. 2002) (sustaining an objection to confirmation of an amended plan pursuant to 11 U.S.C. §§ 1325(a)(3) and (a)(6) because funding for the plan was contingent on a speculative lawsuit); *In re Fuller*, 255 B.R. 300, 305 (Bankr. W.D. Mich. 2000) ("Having concluded as a

general rule that a Chapter 13 plan may not be confirmed if it includes a plan provision which would require an adversary proceeding were the relief sought outside the context of the Chapter 13 plan.").

37.     Indeed,  11 U.S.C. § 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Accordingly, to the extent that the Amended Plan is confirmed notwithstanding the uncertain nature of the Adversary Proceeding and attempts to avoid the Deed of Trust Lien, there can be no confirmation of the Amended Plan which would not otherwise be prejudicial to Wells Fargo.

**WHEREFORE**, Wachovia/Wells Fargo, assignee to Aegis Funding Corporation seeks an order:

(i)     sustaining its objection to the confirmation of the Fourth (4th) Corrected Amended/Modified Chapter 13 Plan of the debtor Pamela A. Burford; and

(ii)    granting such other relief as the Bankruptcy Court deems appropriate.

**August 17, 2010**                    **WACHOVIA/WELLS FARGO, ASSIGNEE TO AEGIS FUNDING CORPORATION**

By:     */s/ Jeffrey L. Marks*
            Of Counsel

Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
(757) 491-4000 – Telephone
(757) 491-4020 – Facsimile
*Counsel for Wachovia/Wells Fargo, assignee to Aegis Funding Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17[h] day of August, 2010, a copy of the foregoing *Objection to Confirmation of Amended Chapter 13 Plan* was mailed by prepaid U.S. Mail, or, where indicated, by electronic mail to the following:

Pia J. North, Esquire
North & Associates, P.C.
8014 Midlothian Tpke, Suite 202
Richmond, VA 23235
northlaw@earthlink.net

Susan Hope Call, Esquire
Chapter 13 Trustee's Office
919 East Main Street, Ste. 1601
P.O. Box 1819
Richmond, VA 23218
susancall@richchap13.com

Carl M. Bates, Chapter 13 Trustee
P. O. Box 1819
Richmond, VA 23218

Office of the United States Trustee
600 East Main Street
Richmond, VA 23219

and by electronic means to all creditors and parties-in-interest who are included in the Bankruptcy Court's ECF e-mail notification system.

/s/ *Jeffrey L. Marks*

C:\VB-#8365609-v